LAW OFFICES OF DEBORAH J. PIMENTEL
Deborah J. Pimentel
Attorney at Law
CA SBN 115182
100 Park Place, Suite 200
San Ramon, CA 94583
510 917 2325 (ofc)
888 449 2585 (fax)

Attorney for Plaintiffs

E-filing

FILED
AUG 17 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUTILIO AREVALO and JANETH AREVALO,  ) Case No.: **C09-03781 JSW**
) 
Plaintiffs,  ) VIOLATION OF THE FAIR HOUSING ACT,
) EQUAL CREDIT OPPORTUNITY ACT, REAL
vs.  ) ESTATE SETTLEMENT PROCEDURES ACT,
) BREACH OF CONTRACT, BREACH OF DUTY
BRUCE PRATT, MORTGAGE MANAGEMENT ) OF GOOD FAITH AND FAIR DEALING, BREACH
SERVICES, SUNTRUST, INC., DOES 1 – 20, DOE ) OF FIDUCIARY DUTY, FRAUD, INTENTIONAL
CORPORATIONS 1 – 10, Inclusive,  ) MISREPRESENTATION, VIOLATION OF CA
) CIVIL CODE § 1632, UNFAIR BUSINESS
Defendants.  ) DEALINGS IN VIOLATION OF CA CIVIL CODE §
) 17200 et seq.,(PREDATORY LENDING), UNJUST
) ENRICHMENT
JURY TRIAL IS DEMANDED

Plaintiffs by and through their attorney bring this action seeking declaratory relief and damages for violations of the predatory lending, unconscionability, improvident lending, fraud, unfair and deceptive practices in connection with a home refinance loan, breach of contract and violations of the duties of good faith and fair dealing.

### JURISDICTION AND VENUE

1. The jurisdiction of this court for the First and Second Causes of Action is invoked pursuant to The Fair Housing Act (42 USC § § 3601, et seq.) and The Equal Credit Opportunity Act (12 USC § § 1691).

---
AREVALO v. PRATT., et al.
Plaintiff's Complaint for Violation of FHA, EQ. CREDIT ACT, RESPA, Br of Contract/Duty of Good Faith, Br Fid Duty, Unjust Enrich.

2. Venue lies in this district pursuant to the provisions of 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965(a) in that defendants have transacted business of a substantial and continuous character in this District, defendants are subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## PARTIES

3. Plaintiffs are individuals who reside in Vallejo, California. At all times herein plaintiffs RUTILIO and JANETH AREVALO were employed as a restaurant manager and hotel room attendant with a combined total annual income of approximately $70,000.

4. Plaintiffs' first language is Spanish; at all times relevant herein, plaintiff JANETH AREVALO spoke and understood only minimal English and plaintiff RUTILIO AREVALO spoke English as a second language. Plaintiffs normally speak and read in Spanish.

5. Defendants DOES 1 through 20, inclusive, and DOE CORPORATIONS 1 through 10, inclusive, are sued under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will seek leave to amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by those Defendants.

6. Defendant BRUCE PRATT is an individual and was a mortgage broker and agent and at all times mentioned herein was employed by or acted on behalf of MORTGAGE MANAGEMENT SYSTEMS (hereinafter MMS).

7. At all times mentioned herein Defendant PRATT was an agent acting on behalf of MMS.

8. Defendant MMS is an unincorporated mortgage broker and at all times mentioned herein was doing business in California and had offices located at 1779 Union Street, San Francisco, California

9. At all times mentioned herein Defendants PRATT and MMS were agents acting on behalf of SUNTRUST.

10. Defendant SUNTRUST is a Virginia corporation authorized to do business in California with offices located at 901 Semmes Avenue, Richmond, Virginia.

---

AREVALO v. PRATT., et al.
Plaintiff's Complaint for Violation of FHA, EQ. CREDIT ACT, RESPA, Br of Contract/Duty of Good Faith, Br Fid Duty, Unjust Enrich.

11. At all times relevant hereto, SUNTRUST has regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

12. At all times relevant hereto, Defendants PRATT, MMS and SUNTRUST have conducted business that includes engaging in residential real estate-related transactions to discriminate.

13. Defendant MMS is the loan originator of the mortgage loans which are the subject of this action.

14. At all times relevant hereto, Defendant SUNTRUST extended credit to plaintiffs in the form of a negative amortization, option Adjustable Rate Mortgage (ARM) first mortgage and a 10-year interest-only negative amortization second deed of trust.

## FACTS RELATING TO PLAINTIFFS AND THE TRANSACTION

15. On or about August 1, 2005, Plaintiff RUTILIO AREVALO telephoned Defendant PRATT at the suggestion of Mr. Arevalo's employer for assistance in purchasing Plaintiffs' first home.

16. Defendant PRATT assured Plaintiffs that he would "make it happen" and proceeded to take the loan application over the telephone. Defendant PRATT did not ask Plaintiffs to produce any documents.

17. On or about August 3, 2005, Defendant PRATT telephoned Plaintiffs and advised that they had been approved for the loan.

18. On or about August 17, 2005, Defendant PRATT telephoned Plaintiffs and requested they immediately go to the title company to sign the necessary documents.

19. Plaintiffs were given loan documents for two separate loans in English. No one explained or attempted to explain the documents in Spanish.

20. The new financing consisted of a first and a second mortgage. The initial interest-only monthly payment of the two new loans in addition to taxes and insurance was approximately $4,000.

21. The first loan was in fact an interest-only, negative amortization, adjustable rate mortgage, fixed at 5.5% for two years with a principle amount of $545,000.. The total amount required to pay off the loan over the 30 year amortization period was $1,692,957.42.

22. The subordinate financing evidenced by the second loan had a principal amount of $106,000.

AREVALO v. PRATT., et al.
Plaintiff's Complaint for Violation of FHA, EQ. CREDIT ACT, RESPA, Br of Contract/Duty of Good Faith, Br Fid Duty, Unjust Enrich.

3

23. No one told Plaintiffs that the "minimum payment" would not fully amortize the loans.

24. No one told Plaintiff that the required monthly payment on the first loan would increase to almost twice the initial amount within approximately three years to $4,866.

25. On or about 2008 Plaintiffs became unable to repay the loans.

### FACTS RELATING TO THE KNOWLEDGE AND FRAUDULENT INTENT OF THE LOAN AGENT, BROKER AND LENDER

26. "Option ARM" loans allowing minimum payments that create negative amortization were originally designed for high-income individuals whose income fluctuates, or whose income is expected to increase significantly within a few years, and/or where they intend to sell the property within a short time in a rising real estate market.

27 The "option ARM" loan product has been criticized as a "trickle down finance" product, which is simply inappropriate for lower income or sub-prime borrowers. Like hedge funds, "option ARM" loans are financial "tools for the wealthy" that are "disastrous" for the average consumer. (Chris Farrell, "*The Straight Story*," National Public Radio, Marketplace program aired 10/20/06).

28. The "option ARM" has been further criticized as "the most complicated mortgage product ever marketed to consumers . . . ." (*Id.*)

29. The "option ARM" loan product is completely inappropriate for a person with low income that is not expected to increase, such as Plaintiffs, because the monthly minimum payment (which may be affordable in the early months or years of the loan), results in negative amortization. Once the balance of principal and accrued interest reaches between 115% and 125% (115% in the instant matter) of the original loan amount, the monthly payments are adjusted to eliminate the negative amortization, increasing rapidly far beyond the borrowers' ability to pay.

30. In general, combination loans are least attractive to low tax bracket borrowers . . . who face additional closing costs. Jack Guttentag, The Mortgage Professor, "Piggyback Loans: Two Mortgages Cost Less Than One?" August 7, 2000, Revised November 29, 2006, December 3, 2007.

AREVALO v. PRATT., et al.
Plaintiff's Complaint for Violation of FHA, EQ. CREDIT ACT, RESPA, Br of Contract/Duty of Good Faith, Br Fid Duty, Unjust Enrich.

4

## ADDITIONAL FACTS RELATING TO
## MORTGAGE BROKER AND LENDER LIABILITY

31. At all times relevant, Defendants PRATT and MMS were acting on behalf of themselves and each other with actual and apparent authority to communicate and transact business with Plaintiffs and to communicate with lenders on behalf of Plaintiffs.

32. Defendants PRATT and MMS held themselves out as having superior knowledge and skill as mortgage brokers to provide information regarding various available loan products and as being trustworthy.

33. Plaintiffs reasonably relied on Defendants PRATT and MMS to act on their behalf in connection with their loan application and to provide them with full and accurate information regarding available loan terms.

34. At all relevant times, Defendants PRATT and MMS were acting as Plaintiffs' agents for the purpose of applying for and obtaining a mortgage loan on the best available terms.

35. Furthermore, Defendant PRATT knowingly misrepresented the concept of an "option ARM", failed to disclose to Plaintiffs that the "minimum payment" could increase exponentially and would not amortize the loan and failed to disclose to Plaintiffs that the fully amortized monthly payment would be equal to sixty-five percent (65%) of Plaintiffs' gross monthly income.

36. Defendants PRATT and MMS knowingly misrepresented the assets of Plaintiffs on the Form 1003, Application for Credit, by increasing Plaintiffs' income from $5800 to $12,500 to reflect a thirty-two percent (32%) Debt to Income Ratio (DTI), rather than the true DTI, which was sixty-nine percent (69%).

37. Defendant PRATT knowingly overstated Plaintiffs' assets by $64,000 (e.g. listing as assets $50,000 worth of electronic equipment, listing three vehicles, but neglecting to list the years and overstating their value by $14,000), thereby misstating Plaintiffs' true net worth of $17,100, of which $4,600 represented Plaintiffs' total bank account balances. A cursory look at the Form 1003 would have revealed that the historical background of the Plaintiffs and the numbers just didn't add up.

38. Defendants, MMS and SUNTRUST knew or should have known that the information contained on Plaintiffs' Form 1003 was false.

## COUNT I – VIOLATION OF THE FAIR HOUSING ACT

AREVALO v. PRATT., et al.
Plaintiff's Complaint for Violation of FHA, EQ. CREDIT ACT, RESPA, Br of Contract/Duty of Good Faith, Br Fid Duty, Unjust Enrich.

5

**(42 USC § § 3601, *et seq.*)**

39. Plaintiff incorporates by reference paragraphs 1-34 above as though fully stated herein.

40. Plaintiffs allege that in doing the acts complained of herein Defendants, and each of them, violated the Fair Housing Act, *42 U.S.C. § § 3601 et seq.*

41. Plaintiffs allege that at all times relevant that 1) they were members of a protected class; 2) they applied for and were qualified for loans; and, 3) Defendants PRATT, MMS and SUNTRUST gave them loans on grossly unfavorable terms in violation of *section 3605(b)*.

42. Plaintiffs allege that at all times relevant Defendants PRATT, MMS, and SUNTRUST gave them loans that granted on discriminatory bases in violation *section 3604(b)(1).*

WHEREFORE, PLAINTIFFS request that the Court enter judgment in their favor against Defendants and award the following relief: actual damages, including but not limited to full disgorgement of all fees received by Defendants, punitive damages, costs of suit, and such other and further relief as the Court deems appropriate.

## COUNT II – VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT (*12 USC § § 1691*)

43. Plaintiffs incorporate by reference paragraphs 1-38 above as though fully stated herein.

44. Plaintiffs allege that at all times relevant Defendants, and each of them discriminated against Plaintiffs because of their race in violation of the Equal Credit Opportunity Act, *12 USC § 1691(a)(1).*

45. Plaintiffs allege that: 1) Plaintiffs received mortgage loans on a discriminatory basis from Defendants, and each of them, due to their race, color or national origin and, 2) all defendants took part in the sale of the properties, brokering and issuance of these loans.

WHEREFORE, PLAINTIFFS request that the Court enter judgment in their favor against Defendants and award the following relief: actual damages, including but not limited to full disgorgement of all fees received by Defendants, punitive damages, costs of suit, and such other and further relief as the Court deems appropriate.

AREVALO v. PRATT., et al.
Plaintiff's Complaint for Violation of FHA, EQ. CREDIT ACT, RESPA, Br of Contract/Duty of Good Faith, Br Fid Duty, Unjust Enrich.

6

### COUNT III – VIOLATION OF THE REAL ESTATE AND
### SETTLEMENT PROCEDURES ACT (*12 US. § § 2601-17C*)

46. Plaintiffs incorporate by reference paragraphs 1-47 above as though fully stated herein.

47. Plaintiffs allege that Defendant SUNTRUST violated the Real Estate and Settlement Procedures Act (RESPA) (*2607(a)* and *(b)*, *24 C.F.R. § § 3500.14(b)* and *(c)* by paying kickbacks or referrals and giving or accepting a portion, split, or percentage of charges made or received for the rendering of a real estate settlement service is defective.

WHEREFORE, PLAINTIFFS request that the Court enter judgment in their favor against Defendants and award the following relief: actual damages, including but not limited to full disgorgement of all fees received by Defendants, punitive damages, costs of suit, and such other and further relief as the Court deems appropriate.

### COUNT IV - BREACH OF CONTRACT, VIOLATION OF
### THE DUTIESOF GOOD FAITH AND FAIR DEALING

48. Plaintiff incorporates by reference paragraphs 1-50 above by reference herein.

49. At all times herein mentioned, Defendants PRATT, MMS and SUNTRUST were bound by the duty of good faith and fair dealing implied in every contract.

50. Defendants breached this duty by failing and continuing to fail to fully disclose all material aspects of the subject loans.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against the defendants and award the following relief: actual, equitable, consequential and punitive damages; costs of suit; and such other or further relief as the Court deems appropriate.

### COUNT IV – BREACH OF FIDUCIARY DUTY

51. Plaintiff incorporates paragraphs 1-50 above by reference herein. This Count is brought against Defendants PRATT and MMS.

AREVALO v. PRATT., et al.
Plaintiff's Complaint for Violation of FHA, EQ. CREDIT ACT, RESPA, Br of Contract/Duty of Good Faith, Br Fid Duty, Unjust Enrich.

7

52. In agreeing to act as Plaintiffs' exclusive broker for the purpose of advising and assisting them in obtaining a mortgage loan, defendants undertook the duties of a fiduciary for Plaintiff.

53. In acting in this capacity, Defendant PRATT did such acts and conducted himself in a way that was designed to develop a relationship of trust between himself and Plaintiffs, in that Defendant PRATT assured Plaintiffs that "he would make the loan happen" and that "he would make the numbers work." The result of these assurances, coupled with Defendant PRATT'S superior knowledge and Plaintiffs' minimal use and understanding of the English language, was that Plaintiffs believed Defendants PRATT and MMS to represent them and have their best interests in mind.

47. Defendants PRATT and MMS breached their fiduciary duties to Plaintiffs by making false representations and deceptive omissions, imposing excessive and unconscionable fees, and advising Plaintiffs to accept an unconscionable, improvident, and costly loan while providing them with little economic benefit.

48. Plaintiffs suffered actual damages as a result of Defendants' breach of fiduciary duties.

49. Defendants' conduct was intentional and done for purposes of pecuniary gain, and without regard for Plaintiffs' rights. Therefore, substantial punitive damages are warranted.

WHEREFORE, PLAINTIFF requests that the Court enter judgment in their favor and against Defendants PRATT and MMS and award the following relief: actual damages, including but not limited to full disgorgement of all fees received by Defendants, punitive damages, costs of suit, and such other and further relief as the Court deems appropriate.

## COUNT V - COMMON LAW FRAUD

50. Plaintiff incorporates by reference paragraphs 1-49 above by reference herein.

51. Defendants made the following misrepresentations, among others: (a) that the interest rate would be fixed, (b) that Plaintiffs could refinance in six months to one year, which Defendants knew or should have know was precluded or limited by the three-year prepayment penalty. Defendants knew their representations and omissions were false and misleading at the time they were made.

52. Defendants made the false representations and deceptive omissions intentionally in order to deceive Plaintiffs and to fraudulently induce them to enter into the transaction.

---

AREVALO v. PRATT., et al.
Plaintiff's Complaint for Violation of FHA, EQ. CREDIT ACT, RESPA, Br of Contract/Duty of Good Faith, Br Fid Duty, Unjust Enrich.

8

53. Plaintiffs reasonably relied on Defendants' false representations and deceptive omissions, and were in fact induced to enter into the transaction to their severe detriment.

54. Defendants' conduct was intentional and egregious, warranting substantial punitive damages to punish defendants and to deter them and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against the defendants and award the following relief: actual, consequential and punitive damages; costs of suit; and such other or further relief as the Court deems appropriate.

## COUNT VI – PREDATORY LENDING

55. Plaintiff incorporates paragraphs 1-54 above by reference herein.

56. As set forth in detail above, the loan provided by Defendants to Plaintiffs, with its hidden exploding monthly payment and negatively amortizing balance, is utterly improvident and inappropriate, in that Plaintiff will never have the financial ability to repay it according to its terms.

57. In light of the relative position and sophistication of the parties, the subject loan agreement is so one-sided that it is unconscionable under the circumstances existing at the time of the making of the contract.

58. No person acting with full knowledge and not under duress would have agreed to the terms of the loan agreement signed by Plaintiffs.

59. Under the circumstances, Plaintiffs did not have the sophistication, opportunity or ability to negotiate the terms of the subject loan.

60. As a result of the conduct of Defendants PRATT, MMS and SUNTRUST and their superior positions as lender and broker with knowledge of all the facts relating to the transaction, compared to Plaintiffs' position, trust and level of sophistication, all of which were known to these defendants at the time, these defendants took a grossly oppressive and unfair advantage over Plaintiffs in the transaction.

61. As a result of being unconscionable, the contract is void.

62. Plaintiffs suffered actual damages as a direct result of defendants' conduct.

AREVALO v. PRATT., et al.
Plaintiff's Complaint for Violation of FHA, EQ. CREDIT ACT, RESPA, Br of Contract/Duty of Good Faith, Br Fid Duty, Unjust Enrich.

9

WHEREFORE, PLAINTIFFS pray that this Court enter judgment in their favor and against Defendants PRATT, MMS and SUNTRUST and declare that the contract is void for unconscionability; award actual damages; award punitive damages in an amount sufficient to deter defendants and others from engaging in such unconscionable conduct in the future; award Plaintiffs the costs of this suit; and grant such other or further relief as the Court deems appropriate.

## COUNT VII - UNJUST ENRICHMENT

63. Plaintiffs re-allege and incorporate each and every allegation contained this Complaint, inclusively, as though fully set forth herein.

64. Defendants, and each of them jointly and severally, through their wrongful conduct as described in this Complaint, have reaped substantial profits from the monies and investment belonging to Plaintiffs, and in so doing have caused Plaintiffs to suffer substantial monetary losses, as well as emotional stress, and physical injury, all of which damages and costs were not only foreseeable but were the intended consequences of Defendants' collective actions.

65. Based on the facts as alleged herein and as proven at trial, in equity and good conscience, it would be unconscionable and otherwise unjust for Defendants to enrich themselves at the expense of Plaintiffs.

66. As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiffs have incurred damages in that Plaintiffs were induced to finance their home purchase with a subprime negative amortization option ARM with a piggyback second that Plaintiffs could not afford, all by reason of

AREVALO v. PRATT., et al.
Plaintiff's Complaint for Violation of FHA, EQ. CREDIT ACT, RESPA, Br of Contract/Duty of Good Faith, Br Fid Duty, Unjust Enrich.

10

which plaintiffs have been damaged in a sum or sums to be, plus attorneys fees and costs, and additional amounts according to proof at time of trial, including interest, attorneys' fees and costs.

Dated: August 9, 2009

THE LAW OFFICES OF DEBORAH J. PIMENTEL

*[signature]*

Deborah J. Pimentel
Attorney for Plaintiffs Raymund M. Bungcayo and Virginia Joaquin

AREVALO v. PRATT., et al.
Plaintiff's Complaint for Violation of FHA, EQ. CREDIT ACT, RESPA, Br of Contract/Duty of Good Faith, Br Fid Duty, Unjust Enrich.

11